# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID PRESTBY and DEREK SUMMERVILLE, individually and behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br>　v.<br><br>A&A SERVICES, LLC D/B/A SAV-RX,<br><br>　　　　Defendant. | Case No.: 8:24-CV-00204<br><br>Chief Judge Robert F. Rossiter Jr. |
| RODNEY HILL, on behalf of himself and all others similarly situated,<br><br>　　　　Plaintiff,<br>　v.<br><br>A&A SERVICES, LLC D/B/A SAV-RX,<br><br>　　　　Defendant. | Case No.: 8:24-CV-00205<br><br>Chief Judge Robert F. Rossiter Jr. |
| HEATHER KRUEGER, on behalf of herself and all others similarly situated,<br><br>　　　　Plaintiff,<br>　v.<br><br>A&A SERVICES, LLC D/B/A SAV-RX,<br><br>　　　　Defendant. | Case No.: 8:24-CV-00206<br><br>Chief Judge Robert F. Rossiter Jr. |

1

| | |
|---|---|
| A.P., C.P., and M.P., by Their Mother and Natural Guardian CHRISTINE PENNELL, Individually, and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br>   v.<br><br>A&A SERVICES, LLC D/B/A SAV-RX,<br><br>        Defendant. | Case No.: 8:24-CV-00210<br><br>Chief Judge Robert F. Rossiter Jr. |
| STEPHANIE FOSTER, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br>   v.<br><br>A&A SERVICES, LLC D/B/A SAV-RX,<br><br>       Defendant. | Case No.: 7:24-CV-05005<br><br>Chief Judge Robert F. Rossiter Jr. |
| MATTHEW BROWN, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br>   v.<br><br>A&A SERVICES, LLC D/B/A SAV-RX,<br><br>       Defendant. | Case No.: 8:24-CV-00214<br><br>Chief Judge Robert F. Rossiter Jr. |
| SAMANTHA MOSER, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br>   v.<br><br>A&A SERVICES, LLC D/B/A SAV-RX,<br><br>       Defendant. | Case No.: 8:24-CV-00215<br><br>Chief Judge Robert F. Rossiter Jr. |

| | |
|---|---|
| TIFFANY SUTHERLIN, individually; as next friend of her minor children K.S.(1), K.S.(2), and K.S.(3); and on behalf of all others similarly situated,<br><br>        Plaintiff,<br>  v.<br><br>A&A SERVICES, LLC D/B/A SAV-RX,<br><br>        Defendant. | Case No.: 8:24-CV-00216<br><br>Chief Judge Robert F. Rossiter Jr. |
| SHELIA SANTIZO, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br>  v.<br><br>A&A SERVICES, LLC D/B/A SAV-RX,<br><br>        Defendant. | Case No.: 4:24-CV-03109<br><br>Chief Judge Robert F. Rossiter Jr. |
| AMANDA DOHERTY, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br>  v.<br><br>A&A SERVICES, LLC D/B/A SAV-RX,<br><br>        Defendant. | Case No.: 8:24-CV-00218<br><br>Chief Judge Robert F. Rossiter Jr. |
| SHANE SAYERS, on behalf of himself and all others similarly situated,<br><br>       Plaintiff,<br>  v.<br><br>A&A SERVICES, LLC D/B/A SAV-RX,<br><br>        Defendant. | Case No.: 8:24-CV-00228<br><br>Chief Judge Robert F. Rossiter Jr. |

| | |
|---|---|
| JOANN TRUSEELL, on behalf of herself and all others similarly situated,<br><br>　　　　　Plaintiff,<br>　v.<br><br>A&A SERVICES, LLC D/B/A SAV-RX,<br><br>　　　　　Defendant. | Case No.: 8:24-CV-00229<br><br>Chief Judge Robert F. Rossiter Jr. |
| CONNOR GEERHARDT, on behalf of himself and all others similarly situated,<br><br>　　　　　Plaintiff,<br>　v.<br><br>A&A SERVICES, LLC D/B/A SAV-RX,<br><br>　　　　　Defendant. | Case No.: 8:24-CV-00261<br><br>Chief Judge Robert F. Rossiter Jr. |
| T.D., on behalf of herself and all others similarly situated,<br><br>　　　　　Plaintiff,<br>　v.<br><br>A&A SERVICES, LLC D/B/A SAV-RX,<br><br>　　　　　Defendant. | Case No.: 8:24-CV-00264<br><br>Chief Judge Robert F. Rossiter Jr. |

**PLAINTIFFS' MEMORANDUM IN SUPPORT
OF THE UNOPPOSED MOTION TO CONSOLIDATE CASES**

Plaintiffs submit the following memorandum in support of their *Plaintiffs' Unopposed Motion to Consolidate Cases.*

**I.　INTRODUCTION**

The above listed putative class action lawsuits involve common questions of fact and law

4

against the same Defendant, A&A Services, LLC, doing business as Sav-Rx ("Sav-Rx" or "Defendant"), and are currently pending in this District (collectively, the "Related Actions"). The Related Actions each arise from the same operative facts surrounding a cyberattack on Defendant's computer network beginning on or around October 3, 2023 ("the Data Breach"). The types of information impacted in the Data Breach – full names, postal addresses, dates of birth, Social Security numbers, email addresses, phone numbers, health insurance eligibility data, and health insurance individual policy numbers (collectively, the "Private Information") – are the same in each Related Action. Furthermore, Plaintiffs in the Related Actions allege that their Private Information was compromised in the Data Breach. The Plaintiffs also commonly raise legal questions that Defendant breached the same or similar common law and statutory duties that allowed the Data Breach to occur. Finally, each Related Action seeks the same type of remedies and compensation for those injured and affected by the Data Breach. As such, the Related Actions present common factual and legal questions, which will involve the same and/or similar discovery efforts. Accordingly, consolidation of the Related Actions under Rule 42(a) will promote efficiency in the discovery process, consistency in judicial rulings, and will reduce duplication, costs, and delay.

## II.     BACKGROUND

These Related Actions arise out of a Data Breach of Defendant Sav-Rx's computer systems. Defendant is an independent, privately held provider of managed care prescription services that has served individuals throughout the United States since 1968. Specifically, Plaintiffs allege that in or around October 2023, an unauthorized third-party gained unauthorized access to Defendant's computer systems and network and exfiltrated data containing the Private Information of approximately 2.8 million individuals. Defendant began notifying state Attorneys

General, Plaintiffs, and Class Members about the Data Breach on or around May 10, 2024.

In or around May 2024, Plaintiffs each received notice from Defendant that they were victims of the Data Breach and commenced their respective class actions in June 2024. Plaintiffs allege virtually identical facts and similar legal claims in the Related Actions, including but not limited to, Defendant's failure to properly safeguard Plaintiffs' and Class Members' Private Information. Through the Related Actions, Plaintiffs allege a number of causes of action against Defendant, including negligence, unjust enrichment, breach of implied contract, breach of implied covenant of good faith and fair dealing, breach of third-party beneficiary contract, invasion of confidence, violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, and claims for declaratory and injunctive relief. Following the filing of the Related Actions, counsel for Plaintiffs recognized the importance of quickly and efficiently organizing and prosecuting Plaintiffs' claims and discussed potential consolidation and coordination of their respective actions, prompting Plaintiffs to file this Motion.

### III. CONSOLIDATION OF THE RELATED ACTIONS

#### A. Legal Standard Regarding Consolidation

Plaintiffs respectfully request and jointly agree that the Related Actions be consolidated. The power to consolidate related actions falls within the broad inherent authority of every court "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Consolidation of actions in federal court is governed by Rule 42 of the Federal Rules of Civil Procedure, which provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings

therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a); *see also UNeMed Corp. v. ProMera Health, LLC*, No. 8:15-CV-135, 2016 WL 1259387, at *2 (D. Neb. Mar. 30, 2016) ("Consolidation of separate actions presenting a common issue of law or fact is permitted under Rule 42 as a matter of convenience and economy in judicial administration.") (citing 9 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2383 (2d ed. 1994)).

### B. The Related Actions Raise Common Legal and Factual Allegations

Here, the consolidation of the Related Actions is warranted, as the Related Actions raise the same questions of law and arise from the same set of facts surrounding the Data Breach. Specifically, each of the Related Actions focuses on whether Defendant is liable to Plaintiffs and putative Class for its failure to protect their Private Information with which it was entrusted. The Related Actions present the same factual and legal questions with respect to the formation of a duty and breach of that duty; involve the same Defendant, Sav-Rx; involve the same Data Breach; and involve the same types of Private Information.

### C. The Related Actions Should be Consolidated to Reduce Costs and Delay

Undersigned Plaintiffs' counsel in each Related Action anticipate that the Related Actions will involve substantially the same discovery and that consolidation would add efficiency and consistency in judicial rulings, and reduce delay and cost. *See Schultz v. Ameritrade*, 2023 U.S. Dist. LEXIS 183980 (D. Neb. Oct. 11, 2023) ("Consolidation will promote judicial efficiency, conserve the parties' and court's resources, and will avoid duplicative discovery and court rulings."). Indeed, if not consolidated, the separate Related Actions would result in virtually identical discovery requests, duplicative motions practice, and would cause an unnecessary drain on the parties' and Court's judicial resources. This is true despite minor variations in class

7

definitions and state-specific causes of action in the Related Actions. As explained in *Schultz*, where the court granted a motion to consolidate various class complaints in a similar data breach case:

> "Because the plaintiffs' claims each arise out of the same data breach, contain overlapping causes of action, and seek to represent the same class of individuals, all of the above-captioned actions will involve common questions of law and fact. *See* Fed. R. Civ. P. 42(a) (permitting a court to consolidate actions "involve[ing] a common question of law or fact."). Consolidation will promote judicial efficiency, conserve the parties' and court's resources, and will avoid duplicative discovery and court rulings. Moreover, the plaintiffs have proposed jointly filing a consolidated amended complaint in the first-filed action, *Schultz v. TD Ameritrade, Inc., et. al.*, Case No. 8:23CV375; thereafter, the plaintiffs propose administratively closing the remaining member cases and proceeding under the Shultz action only. Under the circumstances, the Court finds Plaintiff Schultz's motion should be granted and the above-captioned cases should be consolidated for all purposes."

*Id.* Here, each case is in its infancy, and as discussed above, each involves substantially identical factual allegations and causes of action. Consolidation and reassignment before this Court will streamline the similar actions, promoting judicial economy, avoiding inconsistent rulings, and create efficiency in the discovery process. Alternatively, allowing these cases to proceed individually and as separate class actions would strain party and judicial resources. Moreover, consolidation imposes no prejudice on Defendant as it will benefit from the gained efficiencies.

### D.  Future-Filed Related Cases Should be Consolidated

In addition, to ensure continued judicial efficiency, Plaintiffs also respectfully submit that the Court should order that any future actions that are filed or transferred to this Court based on the same or similar facts and circumstances be consolidated with this case. *See, e.g.*, *In re Life Partners Holdings, Inc.*, No. DR-11-CV-43-AM, 2012 WL 12875942, at *1 (W.D. Tex. May 9, 2012) ("future cases 'arising out of the same or substantially the same transactions or events as the

above captioned cases' shall be united into the consolidated case."); *see also Troy Stacy Enterprises Inc. v. Cincinnati Ins. Co.*, 337 F.R.D. 405, 411 (S.D. Ohio 2021) ("All related actions that are subsequently filed in, or transferred to, this District shall be consolidated into this action.")

In line with the current proposed consolidation, Defendant will suffer no prejudice from the consolidation of any related future filed actions, as it will not be faced with the possibility of relitigating issues that had been litigated in this Court. Consolidation of the Related Actions would therefore inure to the benefit of all parties involved. Indeed, Defendant has reviewed this Motion and does not oppose it.

### E. Proposed Scheduling Order

For efficiency purposes, Plaintiffs propose the following schedule for upcoming briefing,

1. If the Court grants this Motion, all applications for appointment as interim class counsel under Fed. R. Civ. P. 23(g)(3) on behalf of any plaintiffs shall be filed within fourteen (14) days of the order granting this Motion;

2. Plaintiffs shall file a consolidated complaint within thirty (30) days of the Court's appointment of interim class counsel under Fed. R. Civ. P. 23(g)(3);

3. Defendant shall have sixty (60) days from the filing of the consolidated complaint to file a responsive pleading; and,

4. In the event Defendant's response is a motion to dismiss, Plaintiffs shall have thirty (30) days thereafter to file any opposition, and Defendant shall have thirty (30) days thereafter to file a reply in support.

## IV. CONCLUSION

For these reasons, the Plaintiffs request the Court consolidate the Related Actions into the lowest numbered action (Case No. 8:24-CV-00204) and recaption the matter "*In re Sav-Rx Data Breach Litigation.*" Plaintiffs attached a Proposed Order for the Court's consideration.

Dated: July 2, 2024

Respectfully submitted,

/s/ *Terence R. Coates*
Terence R. Coates
*Counsel for Plaintiffs Krueger and Sutherlin and the Putative Class*
MARKOVITS, STOCK & DEMARCO, LLC
119 East Court Street, Suite 530
Cincinnati, Ohio 45202
Telephone: (513) 651-3700
Facsimile: (513) 665-0219
tcoates@msdlegal.com

Pamela A. Car #18770
William L. Reinbrecht #20138
*Counsel for Plaintiffs Prestby and Summerville and the Putative Class*
Car & Reinbrecht, P.C., L.L.O.
2120 S. 72nd Street, Suite 1125
Omaha, NE 68124
Telephone: (402) 391-8484
Email: pacar@cox.net

Mark S. Reich**
Courtney E. Maccarone**
Gary I. Ishimoto**
*Counsel for Plaintiffs Prestby and Summerville and the Putative Class*
LEVI & KORSINSKY, LLP
33 Whitehall Street, 17th Floor
New York, NY 10004
Telephone: (212) 363-7500
Facsimile: (212) 363-7171
Email: mreich@zlk.com
Email: cmaccarone@zlk.com
Email: gishimoto@zlk.com

Gary M. Klinger

*Counsel for Plaintiffs Hill, Sayers,*
*Moser, Geerhardt, T.D. and the Putative Class*
MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Phone: (866) 252-0878
gklinger@milberg.com

Carl V. Malmstrom
*Counsel for the Pennell Plaintiffs*
*and the Putative Class*
WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLC
111 W. Jackson Blvd., Suite 1700
Chicago, Illinois  60604
Tel: (312) 984-0000
Fax:  (212) 686-0114
malmstrom@whafh.com

David W. Asp, MN Bar No. 344850
Karen H. Riebel, MN Bar No. 0219770**
Kate M. Baxter-Kauf, MN Bar No. 392037**
*Counsel for Plaintiff Foster and the Putative Class*
LOCKRIDGE GRINDAL
NAUEN P.L.L.P.
100 Washington Ave. South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
khriebel@locklaw.com
kmbaxter-kauf@locklaw.com
dwasp@locklaw.com

Gary F. Lynch (PA ID No. 56887)**
Patrick D. Donathen (PA ID No. 330416)**
*Counsel for Plaintiff Foster and the Putative Class*
LYNCH CARPENTER LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Telephone: (412) 322-9243
gary@lcllp.com
patrick@lcllp.com

Laura Van Note, Esq. (CA S.B. #310160)
*Counsel for Plaintiff Brown and the Putative Class*
COLE & VAN NOTE

11

555 12th Street, Suite 2100
Oakland, California 94607
Telephone: (510) 891-9800
Facsimile: (510) 891-7030
Email: lvn@colevannote.com

JEAN S. MARTIN**
*Counsel for Plaintiff Sutherlin and the Putative Class*
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602 (813) 223-5505
jeanmartin@ForThePeople.com

Tiffany Marko Yiatras**
*Counsel for Plaintiff Sutherlin and the Putative Class*
CONSUMER PROTECTION LEGAL, LLC
308 Hutchinson Road
Ellisville, Missouri 63011-2029
Tele: 314-541-0317
Email: tiffany@consumerprotectionlegal.com

James J. Pizzirusso**
Mandy Boltax**
*Counsel for Plaintiff Moser and the Putative Class*
HAUSFELD LLP
888 16th Street, N.W., Suite 300
Washington, D.C. 20006
(202) 540-7200
jpizzirusso@hausfeld.com
mboltax@hausfeld.com

Steven M. Nathan**
Ashley Crooks**
*Counsel for Plaintiff Moser and the Putative Class*
HAUSFELD LLP
33 Whitehall Street, Fourteenth Floor
New York, NY 10004
(646) 357-1100
snathan@hausfeld.com
acrooks@hausfeld.com

Jarrod P. Crouse, # 22880
Nicole J. Luhm, #26600
*Counsel for Plaintiff Santizo and the Putative Class*
Baylor Evnen Wolfe & Tannehill, LLP

12

Union Bank Place
1248 O Street, Suite 900
Lincoln, NE 68508
Phone: (402) 475-1075
Fax: (402) 475-9515
Email: jcrouse@baylorevnen.com
nluhm@baylorevnen.com

Patrick T. Egan (BBO #637477)**
Steven J. Buttacavoli (BBO #651440)**
*Counsel for Plaintiff Santizo and the Putative Class*
BERMAN TABACCO
One Liberty Square
Boston, MA 02109
Phone: (617) 542-8300
Email: pegan@bermantabacco.com
sbuttacavoli@bermantabacco.com

Pierce H. Stanley (CA Bar No. 352152)**
*Counsel for Plaintiff Santizo and the Putative Class*
BERMAN TABACCO
425 California Street, Suite 2300
San Francisco, CA 94104
Phone: (415) 433-3200
Email: pstanley@bermantabacco.com

Bryan Paul Thompson
*Counsel for Plaintiff Doherty and the Putative Class*
CHICAGO CONSUMER LAW CENTER, P.C.
650 Warrenville Road, Suite 100
Lisle, IL 60532
Tel. 312-858-3239
Fax 312-610-5646
Bryan.Thompson@cclc-law.com

Mason A. Barney
*Counsel for Plaintiff Trussell and the Putative Class*
SIRI & GLIMSTAD LLP
745 Fifth Avenue, Suite 500
New York, NY 10151
T: 212-535-1091
F: 646-417-5967
mbarney@sirillp.com

Jeff Ostrow
*Counsel for Plaintiff Trussell and the Putative Class*

13

KOPELOWITZ OSTROW P.A.
1 West Las Olas Blvd., Suite 500
Fort Lauderdale, FL
T: 954.332.4200
ostrow@kolawyers.com

A. Brooke Murphy
*Counsel for Plaintiff Sayers and the Putative Class*
MURPHY LAW FIRM 4116
Will Rogers Pkwy, Suite 700
Oklahoma City, OK 73108
T: (405) 389-4989
E: abm@murphylegalfirm.com

Charles E. Schaffer*
Nicholas J. Elia*
*Counsel for Plaintiff Geerhardt and the Putative Class*
LEVIN SEDRAN & BERMAN LLP
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
cschaffer@lfsblaw.com
nelia@lfsblaw.com

Jeffrey S. Goldenberg*
Todd B. Naylor*
*Counsel for Plaintiff Geerhardt and the Putative Class*
GOLDENBERG SCHEIDER, LPA
4445 Lake Forest Drive, Suite 490
Cincinnati, OH 45242
Phone: (513) 345-8291
Fax: (513) 345-8294
jgoldenberg@gs-legal.com
tnaylor@gs-legal.com

Brett R. Cohen*
*Counsel for Plaintiff Geerhardt and the Putative Class*
LEEDS BROWN LAW, P.C.
One Old Country Road – Suite 347
Carle Place, NY 11514
Phone: (516) 874-4505
bcohen@leedsbrownlaw.com

14

*Counsel for Plaintiff Geerhardt and the Putative Class*

Maureen M. Brady*
*Counsel for Plaintiff T.D and the Putative Class*
MCSHANE & BRADY, LLC
4006 Central Street
Kansas City, MO 64111
Phone: (816) 888-8010
Fax: (816) 332-6295
mbrady@mcshanebradylaw.com

*Pro Hac Vice forthcoming
** Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2024, I served a copy of the foregoing via electronic filing in the ECF system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Terence R. Coates*
Terence R. Coates