IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| In Re: Sav-RX Data Breach Litigation | **8:24CV204** |
| | **ORDER** |
| SEAN SCHRIEO, on behalf of himself and all others similarly situated; | **8:25CV51** |
| Plaintiff, | **ORDER** |
| vs. | |
| A&A SERVICES, LLC, a Nebraska limited liability company; and DOES 1 THROUGH 100, inclusive; | |
| Defendants. | |

  This matter is before the court on Plaintiff's Motion to Amend Class Complaint in Case No. 8:25-cv-51, Filing No. 46, and Defendant's Motions to Consolidate *Schrieo v. A&A Services, et al.*, Case No. 8:25-cv-51 with *In re: Sav-Rx Data Breach Litigation,* Case

No. 8:24-cv-204 ("Consolidated Action"), Filing No. 38 in Case No. 8:25-cv-51; Filing No. 54 in Case No. 8:24-cv-204. For the following reasons, the Motion to Amend and the Motions to Consolidate are granted.

**Motion to Amend Class Complaint**

Plaintiff filed his complaint in state court in California on July 16, 2024. (Filing No. 1-3). Defendants were served on November 29, 2024. (Filing No. 1-4). On December 11, 2024, Defendant Sav-Rx removed this action to the U.S. District Court for the Southern District of California. (Filing No. 1). On December 20, 2024, Defendant Sav-Rx filed a Motion to Transfer Venue to the U.S. District Court for the District of Nebraska. This action was transferred to this court on February 6, 2025. (Filing No. 13; Filing No. 14).

On February 14, 2025, the Parties filed a Joint Motion to Stay Defendant's Responsive Pleading deadline in anticipation of the pending motions being filed. (Filing No. 20). The Motion to Consolidate was filed February 25, 2025, seeking to consolidate this action with the class action complaints that were filed in the Consolidated Action that arise from the same alleged data breach. (Filing No. 38). The Motion to Amend Class Complaint was filed March 11, 2025. (Filing No. 46). Specifically, Plaintiff seeks to add a claim for Defendant's alleged violation of the California Invasion of Privacy Act ("CIPA") under Cal. Penal Code § 638.51. Because of the Court's stay, no responsive pleading has been filed, nor has any discovery begun.

Federal Rule of Civil Procedure 15(a)(2) provides, "…a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave to a party to amend its pleadings when justice so requires." However, the court may properly deny a party's motion to amend its complaint when such amendment would unduly prejudice the non-moving party or would be futile. *Kozohorsky v. Harmon,* 332 F.3d 1141, 1144 (8th Cir.2003). A decision whether to allow a party to amend its complaint is left to the sound discretion of the district court and should be overruled only if there is an abuse of discretion. *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir.1998). A court abuses its discretion when it denies a motion to amend a complaint unless there exists undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment. *Id.* When late tendered amendments involve new theories of recovery and

impose additional discovery requirements, appellate courts are less likely to hold a district court abused its discretion. *Id.*

Courts have analyzed undue delays as "[w]hen a considerable amount of time has passed since the filing of a complaint and the motion to amend is made on the eve of trial and will cause prejudice and further delay… without some valid reason for the belatedness of the motion." *Thompson–El v. Jones,* 876 F.2d 66, 67 (8th Cir. 1989). In *Kozlov v. Associated Wholesale Grocers, Inc.,* 818 F.3d 380, 394–95 (8th Cir. 2016), the court ruled that Plaintiff's motion was properly denied because it came four years after the filing of the complaint and two months before trial, with no reasonable explanation as to the delay. Further, courts have found prejudice when the amendment would result in a late addition of a new claim proposed after most discovery had been completed. *See Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 498 (8th Cir. 2008).

The court is tasked to determine what prejudice, if any, the Defendants would suffer in allowing the amendment. Defendants argue that Plaintiff's Motion to Amend was filed after undue delay and purely as a tactical maneuver to avoid consolidation. Defendants were served this action in November 2024, and it was transferred to this district in February 2025. Plaintiff additionally alleges that the CIPA violations were not known to Plaintiff until December 2024, after the Defendants were served and while this action was pending a venue change.

It is unclear what prejudice would befall the Defendants were the Plaintiff given leave to amend its class complaint to add the additional theory of recovery. The record shows that this case is still in the very early stages of litigation. The Defendants have not filed an answer and no discovery has been completed because the parties agreed to stay progression of this matter pending resolution of the instant motions. (Filing No. 20). Because the court finds that there is no prejudice to the Defendants, the motion for leave to amend is granted, with further instructions enumerated below.

## Motion to Consolidate

Defendants also seek to consolidate this case with the Consolidated Action because both cases involve substantially similar parties, legal claims and underlying facts. As background, the Consolidated Action, *In re Sav-Rx Data Breach Litigation,* Case No. 8:24-cv-204 (D. Neb.), was initially filed in 2024. At that time, fourteen class action complaints

were filed asserting claims against A&A Services, LLC d/b/a Sav-Rx for an alleged data breach of Sav-Rx's computer networks. In July 2024, those actions were consolidated, without objection, because the Plaintiffs' claims each arose out of the same set of operative facts and involved common questions of law and fact. As a result of the consolidation, the parties were directed to file a Consolidated Class Action Complaint, which included the following definition for a putative nationwide class:

> All individuals residing in the United States whose Private Information was accessed and/or acquired by an unauthorized party as a result of the Data Breach reported by Defendant in May 2024, including all persons who received notice of the Data Breach (the "Class" or "Nationwide Class").

See Case No. 8:24-cv-204, Filing No. 43 at p. 50. The Consolidated Class Action Complaint also includes putative subclasses for individual residents in Washington, Pennsylvania, Ohio and Missouri. *Id.* At the time of this filing, no putative subclass for residents from California has yet been added. The Consolidated Class Action Complaint generally alleges negligence, negligence *per se*, breach of bailment, invasion of privacy/intrusion upon seclusion, breach of contract and violations of various state consumer protection laws relevant to each putative subclass.

In this action, Plaintiff Schrieo's Amended Complaint, as authorized above, asserts violations of (1) The Confidentiality of Medical Information Act (2) California Consumer Privacy Act (3) California Unfair Competition Law, and (4) California Trap and Trace Law. Both Plaintiff's Amended Complaint and the Consolidated Class Action Complaint assert claims on behalf of themselves and on behalf of a putative class of individuals allegedly affected by Sav-Rx's October 2023 data breach. Defendant seeks to consolidate this case with the Consolidated Action because both cases arise from the same set of facts and raise the same questions of law. Plaintiff opposes the motion because the newly added claim under the California Trap and Trace Claim warrants separate consideration by a jury. Plaintiff states that this new claim adds allegations that Defendant unlawfully installed tracking software on its website, which is separate and apart from the data breach. (Filing No. 47, at p. 3). He further alleges that the "Trap and Trace" claim will require extensive evidence and expert testimony that is irrelevant to the data breach, which would cause a jury to conflate the technical issues with the data breach issues and lead to an unfair result to Plaintiff. *Id.* He desires to create a putative class specifically for those claims, that would otherwise not fall under the Consolidated Class Action Complaint.

The court has authority to consolidate cases pursuant to Fed.R.Civ.P. 42(a), which states, "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any and all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." The existence of a common issue of law or fact is "[t]he threshold issue" for determining whether cases should be consolidated. *Enterprise Bank v. Saettele*, 21 F.3d 233, 235 (8th Cir. 1994) (quoting *Seguro de Servicio de Salud v. McAuto Sys. Group*, 878 F.2d 5, 8 (1st Cir. 1989)). Consolidation may occur in order to "avoid unnecessary cost or delay." *E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 550 (8th Cir. 1998). On the other hand, consolidation is not appropriate "if it leads to inefficiency, inconvenience, or unfair prejudice to a party." *Id.* at 551. The determination as to whether cases should be consolidated is left to the sound discretion of the Court. *See Avon Products, Inc. v. International Union, United Autoworkers of America, AFL-CIO, Local 710*, 386 F.2d 651, 658 (8th Cir. 1967). Next, the court must determine whether consolidation is appropriate because "the mere fact that a common question is present, and that consolidation therefore is permissible under Rule 42(a), does not mean that the trial court judge must order consolidation." 9A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 2383 (2008). In fact, "there are many reasons why a district court judge may deny a request for consolidation of separate cases." *Id.* "For example, a motion under Rule 42(a) may be denied if ... consolidation will cause delay in the processing of one or more of the individual cases, or will lead to confusion or prejudice in the effective management or trial of one or more of the cases." *Id.*

Upon review of the cases, the court finds consolidation is appropriate because these actions involve common questions of law and fact arising from Defendant Sav-Rx's alleged data breach. Due to the similarity of the claims, the parties will likely serve similar discovery and present similar motions and arguments. Consolidation will avoid duplicative parallel activities, save time, avoid the risk of inconsistent rulings, and be more cost-effective. Further, Defendants moved to transfer venue from California to Nebraska specifically because of the Consolidated Action for the convenience of the parties and witnesses, to which Plaintiff filed a non-opposition in response. (Filing No. 8; Filing No. 10).

The court understands and considered that the newly added CIPA claim will require additional evidence distinct from the data breach case. However, those claims can be pled

as a similar putative subclass in the Consolidated Class Action Complaint, much like those for the residents of Washington or Missouri bringing independent state law claims. The court is also unconvinced that the addition of the CIPA claim would confuse a jury, as appropriate presentation of evidence and jury instruction should mitigate that risk. *See United States v. Weckman*, 982 F.3d 1167, 1174 (8th Cir. 2020)(it is "presumed that jurors follow the district court's instructions). For those reasons, the court finds in the interest of convenience and judicial economy that consolidation is appropriate and the motions to consolidate this action with the Consolidated Action is granted.

Therefore, IT IS SO ORDERED:

1. Plaintiff's Motion to Amend Class Complaint, Filing No. 46, is granted.
2. Defendant's Motions to Consolidate, (Filing No. 38 in Case No. 8:25-cv-51; Filing No. 54 in Case No. 8:24-cv-204), are granted.
3. Case No. 8:24-cv-204 has previously been designated as the Lead Case in the *In re: Sav-Rx Data Breach Litigation.* The clerk is directed to designate Case No. 8:25-cv-51 as a "Member Case."
4. Plaintiff is instructed to confer with interim class counsel in the Lead Case and shall file an amended Consolidated Class Action Complaint in 8:24-cv-204, to include allegations contained in Plaintiff's Amended Complaint (Filing No. 46-2), within thirty (30) days of this Order.
5. Once the Amended Consolidated Class Action Complaint is filed in the Lead Case, Case No. 8:25-cv-51 shall be administratively closed.

Dated this 29th day of April, 2025.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge