IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN RE: SAV-RX DATA BREACH LITIGATION | Lead Case No. 8:24-cv-00204-RFR-RCC<br><br>**ANSWER TO FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT BY DEFENDANT A&A SERVICES, LLC (d/b/a "SAV-RX")**<br><br>**DEMAND FOR A JURY TRIAL** |

COMES NOW Defendant A&A Services, LLC ("Sav-Rx") and hereby answers the First Amended Consolidated Class Action Complaint ("Complaint") as follows and as limited by the Court's Memorandum and Order dated January 5, 2026. The Court dismissed all claims asserted by Plaintiffs other than Samantha Moser ("Plaintiff" or "Moser") and dismissed all claims and requests for relief asserted by Moser except for her negligence claim for damages. Accordingly, Sav-Rx responds only to allegations relevant to Moser's negligence claim; Sav-Rx denies any remaining allegations to the extent they purport to assert claims or requests for relief that have been dismissed; no response is required to allegations concerning Plaintiffs or claims that have been dismissed and to the extent a response is deemed necessary, Sav-Rx denies those allegations.

1.      Paragraph 1 does not state any substantive allegations against Sav-Rx and merely contains Plaintiff's characterization of this action, which requires no response. To the extent Paragraph 1 contains allegations requiring a response, Sav-Rx admits that it experienced a cybersecurity incident in October 2023. Sav-Rx denies the remaining allegations in Paragraph 1.

2.      In response to Paragraph 2, Sav-Rx admits that it is a Nebraska-based pharmacy benefit management company that provides medication benefits management services to thousands of health plan customers and over 10 million individual members of those health plans.

Answering further, Sav-Rx admits that it receives and maintains certain information regarding individual members from health plan sponsors and other healthcare entities in order to provide such services. Sav-Rx denies that it solicits or collects such data directly from Plaintiff or any other individual member. Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 and therefore denies the same.

3.      In response to Plaintiff's Paragraph 3, Sav-Rx states that the "A&A Services Frequently Asked Questions" website speaks for itself, and Sav-Rx denies the allegations in Paragraph 3 to the extent they are inconsistent with the plain language of that website. Answering further, Sav-Rx admits that it experienced a cybersecurity incident in October 2023 and that it investigated the incident with the assistance of third-party cybersecurity experts. Sav-Rx further admits that an unauthorized third party accessed certain non-clinical systems but states that the third party did not have access to clinical or financial information. Sav-Rx denies the remaining allegations in Paragraph 3.

4.      In response to Plaintiff's Paragraph 4, Sav-Rx states that the "A&A Services Frequently Asked Questions" website speaks for itself, and Sav-Rx denies the allegations in Paragraph 4 to the extent they are inconsistent with the plain language of that website. Answering further, Sav-Rx admits that the unauthorized third party accessed certain non-clinical systems containing information regarding members of Sav-Rx's health plan customers as well as current and former Sav-Rx employees.

5.      In response to Plaintiff's Paragraph 5, Sav-Rx states that the Notice Letter speaks for itself, and Sav-Rx denies the allegations in Paragraph 5 to the extent they are inconsistent with the plain language of the Notice Letter. To the extent a further response to the allegations in Paragraph 5 is required, Sav-Rx denies the allegations.

6.    In response to Plaintiff's Paragraph 6, Sav-Rx states that the "A&A Services Frequently Asked Questions" website speaks for itself, and Sav-Rx denies the allegations in Paragraph 6 to the extent they are inconsistent with that website. To the extent a further response to the allegations in Paragraph 6 is required, Sav-Rx admits that it began sending Notice Letters regarding the October 2023 Data Breach in May 2024.

7.    In response to Plaintiff's Paragraph 7, Sav-Rx states that the "A&A Services Frequently Asked Questions" website speaks for itself, and Sav-Rx denies the allegations in Paragraph 7 to the extent they are inconsistent with that website. To the extent a further response to the allegations in Paragraph 7 is required, Sav-Rx denies the allegations.

8.    In response to Plaintiff's Paragraph 8, Sav-Rx states that the "A&A Services Frequently Asked Questions" website speaks for itself, and Sav-Rx denies the allegations in Paragraph 8 to the extent they are inconsistent with that website. To the extent a further response to the allegations in Paragraph 8 is required, Sav-Rx admits the allegations.

9.    In response to Plaintiff's Paragraph 9, Sav-Rx states that the "A&A Services Frequently Asked Questions" website speaks for itself, and Sav-Rx denies the allegations in Paragraph 9 to the extent they are inconsistent with that website.  To the extent a further response to the allegations in Paragraph 9 is required, Sav-Rx admits that it received the results of the investigation on April 30, 2024. Sav-Rx denies the remaining allegations in Paragraph 9.

10.    In response to Plaintiff's Paragraph 10, Sav-Rx states that the "A&A Services Frequently Asked Questions" website speaks for itself, and Sav-Rx denies the allegations in Paragraph 10 to the extent they are inconsistent with the plain language of that website. To the extent a further response to the allegations in Paragraph 10 is required, Sav-Rx admits the allegations.

11.     In response to Plaintiff's Paragraph 11, Sav-Rx states that the "A&A Services Frequently Asked Questions" website speaks for itself, and Sav-Rx denies the allegations in Paragraph 11 to the extent they are inconsistent with the plain language of that website. To the extent a further response to the allegations in Paragraph 11 is required, Sav-Rx admits the allegations.

12.     In response to Plaintiff's Paragraph 12, Sav-Rx states that the Notice Letter speaks for itself, and Sav-Rx denies the allegations in Paragraph 12 to the extent they are inconsistent with the plain language of the Notice Letter. To the extent a further response to the allegations in Paragraph 12 is required, Sav-Rx admits that it began sending Notice Letters regarding the October 2023 Data Breach in May 2024. Sav-Rx denies the remaining allegations in Paragraph 12.

13.     Sav-Rx admits the allegations in Paragraph 13.

14.     In response to Plaintiff's Paragraph 14, Sav-Rx admits that it maintains certain information regarding individual members from health plan sponsors and other healthcare entities in order to provide those entities pharmacy benefit management services. Sav-Rx denies that it solicits or collects such data directly from Plaintiff Moser or any other individual member. To the extent a further response to the allegations in Paragraph 14 is required, Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same.

15.     In response to Plaintiff's Paragraph 15, Sav-Rx admits that it maintains certain information regarding individual members from health plan sponsors and other healthcare entities in order to provide those entities pharmacy benefit management services. Sav-Rx denies that it solicits or collects such data directly from Plaintiff Moser or any other individual member. The other allegations in Paragraph 15 set forth legal conclusions, to which no response is required. To

the extent a further response to the allegations in Paragraph 15 is required, Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same.

16.    In response to Plaintiff's Paragraph 16, Sav-Rx states that the "Notice of Privacy Practices" speaks for itself, and Sav-Rx denies the allegations in Paragraph 16 to the extent they are inconsistent with the plain language of the "Notice of Privacy Practices." Answering further, Sav-Rx states that the "Notice of Privacy Practices" states that it "applies to Sav-Rx in its capacity as a pharmacy" and "does not apply to information that Sav-Rx collects or receives about you in its capacity as a pharmacy benefits manager for your health plan."

17.    In response to Plaintiff's Paragraph 17, Sav-Rx states that the "Notice of Privacy Practices" speaks for itself, and Sav-Rx denies the allegations in Paragraph 17 to the extent they are inconsistent with the plain language of the "Notice of Privacy Practices." Answering further, Sav-Rx states that the "Notice of Privacy Practices" states that it "applies to Sav-Rx in its capacity as a pharmacy" and "does not apply to information that Sav-Rx collects or receives about you in its capacity as a pharmacy benefits manager for your health plan."

18.    Sav-Rx denies the allegations in Paragraph 18.

19.    Sav-Rx denies the allegations in Paragraph 19.

20.    Sav-Rx denies the allegations in Paragraph 20.

21.    Sav-Rx denies the allegations in Paragraph 21.

22.    Sav-Rx denies the allegations in Paragraph 22.

23.    Sav-Rx denies the allegations in Paragraph 23.

24.    Sav-Rx denies the allegations in Paragraph 24.

25.    Sav-Rx denies the allegations in Paragraph 25.

26.    Sav-Rx denies the allegations in Paragraph 26.

27.    Sav-Rx denies the allegations in Paragraph 27.

28.    Sav-Rx denies the allegations in Paragraph 28.

29.    Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and therefore denies the same.

30.    The allegations in Paragraph 30 set forth legal conclusions, to which no response is required. To the extent a further response to the allegations in Paragraph 30 is required, Sav-Rx denies the allegations.

31.    Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), all claims except Moser's negligence claim for damages have been dismissed. To the extent a further response to the allegations in Paragraph 31 is required, Sav-Rx denies the allegations.

32.    Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), all claims except Moser's negligence claim for damages have been dismissed. To the extent a further response to the allegations in Paragraph 32 is required, Sav-Rx denies the allegations.

33.    In response to Plaintiff's Paragraph 33, Sav-Rx denies that Plaintiff is entitled to any relief, damages, or equitable remedies.

34.    The allegations in Paragraph 34 set forth legal conclusions, to which no response is required. To the extent a further response to the allegations in Paragraph 34 is required, Sav-Rx does not dispute the jurisdiction of this Court to hear this matter.

35.     The allegations in Paragraph 35 set forth legal conclusions, to which no response is required. To the extent a further response to the allegations in Paragraph 35 is required, Sav-Rx does not dispute the Court's exercise of personal jurisdiction over Sav-Rx in this matter.

36.     The allegations in Paragraph 36 set forth legal conclusions, to which no response is required. To the extent a further response to the allegations in Paragraph 36 is required, Sav-Rx does not dispute that venue is proper in this judicial district.

37.     Sav-Rx admits the allegations in Paragraph 37.

38.     Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff Connor Geerhart and his claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 38.

39.     Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff Connor Geerhart and his claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 39.

40.     Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff Connor Geerhart and his claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 40.

41.     Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff Connor Geerhart and his claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 41.

42.     Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff Connor Geerhart and his claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 42.

43.    Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff Connor Geerhart and his claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 43.

44.    Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff Connor Geerhart and his claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 44.

45.    Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff Connor Geerhart and his claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 45.

46.    Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff Connor Geerhart and his claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 46.

47.    Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff Connor Geerhart and his claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 47.

48.    Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff Connor Geerhart and his claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 48.

49.    Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff Connor Geerhart and his claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 49.

50.    Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff Connor Geerhart and his claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 50.

51.    Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff Connor Geerhart and his claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 51.

52.    Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff Heather Kreuger and her claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 52.

53.    Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff Heather Kreuger and her claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 53.

54.    Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff Heather Kreuger and her claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 54.

55.    Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff Heather Kreuger and her claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 55.

56.    Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff Heather Kreuger and her claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 56.

57.     Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff Heather Kreuger and her claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 57.

58.     Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff Heather Kreuger and her claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 58.

59.     Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff Heather Kreuger and her claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 59.

60.     Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff Heather Kreuger and her claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 60.

61.     Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff Heather Kreuger and her claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 61.

62.     Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff Heather Kreuger and her claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 62.

63.     Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff Heather Kreuger and her claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 63.

64.     Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff Heather Kreuger and her claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 64.

65.     Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff Heather Kreuger and her claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 65.

66.     Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), the claims of Plaintiff Moser's minor children were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 66 regarding Plaintiff Moser's minor children and their claims. In response to Paragraph 66, Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 and therefore denies the same.

67.     Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), the claims of Plaintiff Moser's minor children were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 67 regarding Plaintiff Moser's minor children and their claims. In response to Paragraph 67, Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 and therefore denies the same.

68.     Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), the claims of Plaintiff Moser's minor children were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 68 regarding Plaintiff Moser's minor children and their claims. In response to Paragraph 68, Sav-Rx admits that it provides medication benefit management services to health plan customers and their

members. Answering further, Sav-Rx admits that it receives and maintains certain information regarding individual members from health plan sponsors and other healthcare entities in order to provide such services. Sav-Rx denies that it solicited or collected such data directly from Plaintiff Moser. Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 68 and therefore denies the same.

69.    Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), the claims of Plaintiff Moser's minor children were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 69 regarding Plaintiff Moser's minor children and their claims. In response to Paragraph 69, Sav-Rx admits the allegations in Paragraph 69.

70.    Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), the claims of Plaintiff Moser's minor children were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 70 regarding Plaintiff Moser's minor children and their claims. In response to Paragraph 70, Sav-Rx admits that it has received and maintains certain information regarding Plaintiff Moser. The remaining allegations in Paragraph 70 set forth legal conclusions, to which no response is required. To the extent a further response to the allegations is required, Sav-Rx denies the remaining allegations in Paragraph 70.

71.    Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), the claims of Plaintiff Moser's minor children were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 71 regarding Plaintiff Moser's minor children and their claims. In response to Paragraph 71, Sav-Rx denies that it has or had lax security practices. Sav-Rx lacks knowledge or information sufficient

to form a belief as to the truth of the remaining allegations in Paragraph 71 and therefore denies the same.

72.     In response to Paragraph 72, Sav-Rx admits that it mailed a Notice Letter to Moser. Answering further, Sav-Rx states that the Notice Letter speaks for itself, and Sav-Rx denies any allegations in Paragraph 72 to the extent they are inconsistent with the plain language of the Notice Letter. To the extent that a further response to the allegations in Paragraph 72 is required, Sav-Rx denies the allegations.

73.     Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), the claims of Plaintiff Moser's minor children were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 73 regarding Plaintiff Moser's minor children and their claims.

74.     Sav-Rx denies that any alleged harm Plaintiff Moser experienced was caused by the cybersecurity incident. Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 74 and therefore denies the same.

75.     Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), the claims of Plaintiff Moser's minor children were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 75 regarding Plaintiff Moser's minor children and their claims. Sav-Rx denies the remaining allegations in Paragraph 75.

76.     Sav-Rx denies that any alleged harm Plaintiff Moser experienced was caused by the cybersecurity incident. Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 76 and therefore denies the same.

77.    Sav-Rx denies that any alleged harm Plaintiff Moser experienced was caused by the cybersecurity incident. Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 77 and therefore denies the same.

78.    Sav-Rx denies that any alleged harm Plaintiff Moser experienced was caused by the cybersecurity incident. Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 78 and therefore denies the same.

79.    Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), the claims of Plaintiff Moser's minor children were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 79 regarding Plaintiff Moser's minor children and their claims. In response to Paragraph 79, Sav-Rx denies that any alleged harm Plaintiff Moser experienced was caused by the cybersecurity incident. Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 79 and therefore denies the same.

80.    Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), the claims of Plaintiff Moser's minor children were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 80 regarding Plaintiff Moser's minor children and their claims. In response to Paragraph 80, Sav-Rx denies the remaining allegations in Paragraph 80.

81.    Sav-Rx denies the allegations in Paragraph 81.

82.    Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), the claims of Plaintiff Moser's minor children were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 82

regarding Plaintiff Moser's minor children and their claims. In response to Paragraph 82, Sav-Rx denies the remaining allegations in Paragraph 82.

83.    Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), the claims of Plaintiff Moser's minor children were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 83 regarding Plaintiff Moser's minor children and their claims. In response to Paragraph 83, Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 83 and therefore denies the same.

84.    Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff David Prestby and his claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 84.

85.    Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff David Prestby and his claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 85.

86.    Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff David Prestby and his claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 86.

87.    Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff David Prestby and his claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 87.

88.    Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff David Prestby and his claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 88.

89.    Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff David Prestby and his claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 89.

90.    Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff David Prestby and his claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 90.

91.    Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff David Prestby and his claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 91.

92.    Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff David Prestby and his claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 92.

93.    Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff David Prestby and his claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 93.

94.    Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff David Prestby and his claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 94.

95.    Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff David Prestby and his claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 95.

96.     Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff David Prestby and his claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 96.

97.     Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff David Prestby and his claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 97.

98.     Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff Derek Summerville and his claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 98.

99.     Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff Derek Summerville and his claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 99.

100.     Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff Derek Summerville and his claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 100.

101.     Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff Derek Summerville and his claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 101.

102.     Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff Derek Summerville and his claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 102.

103.     Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff Derek Summerville and his claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 103.

104.     Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff Derek Summerville and his claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 104.

105.     Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff Derek Summerville and his claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 105.

106.     Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff Derek Summerville and his claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 106.

107.     Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff Derek Summerville and his claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 107.

108.     Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff Derek Summerville and his claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 108.

109.     Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff Derek Summerville and his claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 109.

110.    Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff Derek Summerville and his claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 110.

111.    Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff Derek Summerville and his claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 111.

112.    Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff Tiffany Sutherlin and her claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 112.

113.    Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), the claims of Plaintiff Tiffany Sutherlin and her minor children were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 113.

114.    Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), the claims of Plaintiff Tiffany Sutherlin and her minor children were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 114.

115.    Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), the claims of Plaintiff Tiffany Sutherlin and her minor children were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 115.

116.    Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), the claims of Plaintiff Tiffany Sutherlin and her

minor children were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 116.

117.    Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), the claims of Plaintiff Tiffany Sutherlin and her minor children were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 117.

118.    Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), the claims of Plaintiff Tiffany Sutherlin and her minor children were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 118.

119.    Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), the claims of Plaintiff Tiffany Sutherlin and her minor children were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 119.

120.    Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), the claims of Plaintiff Tiffany Sutherlin and her minor children were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 120.

121.    Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), the claims of Plaintiff Tiffany Sutherlin and her minor children were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 121.

122.    Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), the claims of Plaintiff Tiffany Sutherlin and her minor children were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 122.

123.    Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), the claims of Plaintiff Tiffany Sutherlin and her minor children were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 123.

124.    Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), the claims of Plaintiff Tiffany Sutherlin and her minor children were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 124.

125.    Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), the claims of Plaintiff Tiffany Sutherlin and her minor children were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 125.

126.    Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), the claims of Plaintiff Tiffany Sutherlin and her minor children were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 126.

127.    Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff Sean Schrieo and his claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 127.

128.     Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff Sean Schrieo and his claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 128.

129.     Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff Sean Schrieo and his claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 129.

130.     Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff Sean Schrieo and his claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 130.

131.     Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff Sean Schrieo and his claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 131.

132.     Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff Sean Schrieo and his claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 132.

133.     Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff Sean Schrieo and his claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 133.

134.     Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff Sean Schrieo and his claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 134.

135.    Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff Sean Schrieo and his claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 135.

136.    Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff Sean Schrieo and his claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 136.

137.    Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff Sean Schrieo and his claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 137.

138.    Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff Sean Schrieo and his claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 138.

139.    Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff Sean Schrieo and his claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 139.

140.    Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff Sean Schrieo and his claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 140.

141.    Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff Sean Schrieo and his claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 141.

142.    Sav-Rx admits the allegations in Paragraph 142.

143.    In response to Paragraph 143, Sav-Rx states that the "Flip the script in YOUR benefit" website speaks for itself, and Sav-Rx denies the allegations in Paragraph 143 to the extent they are inconsistent with the plain language of that website.

144.    In response to Plaintiff's Paragraph 144, Sav-Rx admits that it provides medication benefit management services and that it receives and maintains certain information regarding individual members from health plan sponsors and other healthcare entities in order to provide such services. Sav-Rx denies that it solicits or collects such data directly from Plaintiff Moser or any other individual member. Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 144 and therefore denies the same.

145.    In response to Paragraph 145, Sav-Rx states that the Notice Letter speaks for itself, and Sav-Rx denies the allegations in Paragraph 145 to the extent they are inconsistent with the plain language of the Notice Letter. To the extent that a further response to the allegations in Paragraph 145 is required, Sav-Rx admits the same.

146.    In response to Paragraph 146, Sav-Rx admits that, in the ordinary course of its business, it receives and maintains certain information from health plan sponsors and other healthcare entities in order to provide pharmacy benefit management services. Sav-Rx denies that it solicits or collects such information directly from individual consumers. Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 146 and therefore denies the same.

147.    In response to Paragraph 147, Sav-Rx admits that, in the ordinary course of its business, it may receive certain information from health plan sponsors and other healthcare entities, including physicians and other providers, as necessary to provide pharmacy benefit management

24

services. Sav-Rx denies that it solicits or collects such information directly from individual consumers, their family members, or other individuals. Sav-Rx denies any remaining allegations in Paragraph 147.

148.    In response to Paragraph 148, Sav-Rx admits that certain individuals who received notice of the October 2023 cybersecurity incident were members of health plans for which Sav-Rx provides pharmacy benefit management services as well as current and former employees of Sav-Rx. Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 148 and therefore denies the same.

149.    In response to Paragraph 149, Sav-Rx admits that, in order to provide pharmacy benefit management services, it receives certain information from health plan sponsors and other healthcare entities regarding individual members. Sav-Rx denies that Plaintiff or putative Class Members were required to provide their Private Information directly to Sav-Rx as a condition of receiving medical services. Sav-Rx denies any remaining allegations in Paragraph 149.

150.    In response to Paragraph 150, Sav-Rx admits that, in order to provide pharmacy benefit management services, it receives certain information from health plan sponsors and other healthcare entities regarding individual members. Sav-Rx denies that it solicits or collects such information directly from Plaintiff or putative Class Members. The other allegations in Paragraph 150 are legal conclusions, to which no response is required. To the extent a further response to the allegations in Paragraph 150 is required, Sav-Rx denies the allegations.

151.    In response to Paragraph 151, Sav-Rx admits that, in order to provide pharmacy benefit management services, it receives certain information from health plan sponsors and other healthcare entities regarding individual members. Sav-Rx denies that it solicits or collects such information directly from consumers or other individuals. The remaining allegations in Paragraph

25

151 are legal conclusions, to which no response is required. To the extent a further response to the allegations in Paragraph 151 is required, Sav-Rx denies the allegations.

152.    In response to Paragraph 152, Sav-Rx states that the "Notice of Privacy Practices" speaks for itself, and Sav-Rx denies the allegations in Paragraph 152 to the extent they are inconsistent with the plain language of the "Notice of Privacy Practices." Answering further, Sav-Rx states that the "Notice of Privacy Practices" states that it "applies to Sav-Rx in its capacity as a pharmacy" and "does not apply to information that Sav-Rx collects or receives about you in its capacity as a pharmacy benefits manager for your health plan."

153.    In response to Paragraph 153, Sav-Rx states that the "Notice of Privacy Practices" speaks for itself, and Sav-Rx denies the allegations in Paragraph 153 to the extent they are inconsistent with the plain language of the "Notice of Privacy Practices." Answering further, Sav-Rx states that the "Notice of Privacy Practices" states that it "applies to Sav-Rx in its capacity as a pharmacy" and "does not apply to information that Sav-Rx collects or receives about you in its capacity as a pharmacy benefits manager for your health plan."

154.    In response to Paragraph 154, Sav-Rx admits only that it began sending Notice Letters in May 2024 following an extensive investigation. Sav-Rx denies the remaining allegations in Paragraph 154.

155.    Sav-Rx denies the allegations in Paragraph 155.

156.    In response to Paragraph 156, Sav-Rx states that the "A&A Services Frequently Asked Questions" website speaks for itself, and Sav-Rx denies the allegations in Paragraph 156 to the extent they are inconsistent with the plain language of that website. To the extent that a further response to the allegations in Paragraph 156 is required, Sav-Rx admits the allegations.

26

157.    In response to Paragraph 157, Sav-Rx states that the "A&A Services Frequently Asked Questions" website speaks for itself, and Sav-Rx denies the allegations in Paragraph 157 to the extent they are inconsistent with the plain language of that website. To the extent that a further response to the allegation in Paragraph 157 is required, Sav-Rx admits only that, following the October 2023 cybersecurity incident, it investigated the incident with the assistance of third-party experts. Sav-Rx denies the remaining allegations in Paragraph 157.

158.    In response to Paragraph 158, Sav-Rx states that the Notice Letter speaks for itself, and Sav-Rx denies the allegations in Paragraph 158 to the extent they are inconsistent with the plain language of the Notice Letter. Answering further, Sav-Rx admits it began sending Notice Letters in May 2024.

159.    In response to Paragraph 159, Sav-Rx states that the Notice Letter speaks for itself, and Sav-Rx denies the allegations in Paragraph 159 to the extent they are inconsistent with the plain language of the Notice Letter. To the extent that a further response to the allegations in Paragraph 159 is required, Sav-Rx denies the same.

160.    In response to Paragraph 160, Sav-Rx states that the Notice Letter speaks for itself, and Sav-Rx denies the allegations in Paragraph 160 to the extent they are inconsistent with the plain language of the Notice Letter. To the extent that a further response to the allegations in Paragraph 160 is required, Sav-Rx denies the same.

161.    The allegations in Paragraph 161 set forth legal conclusions, to which no response is required. To the extent that a further response to the allegations in Paragraph 161 is required, Sav-Rx denies the same.

162.    In response to Paragraph 162, Sav-Rx states that the Notice Letter speaks for itself, and Sav-Rx denies the allegations in Paragraph 162 to the extent they are inconsistent with the

plain language of the Notice Letter. Answering further, Sav-Rx states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegation in the second sentence of Paragraph 162 and therefore denies the same.

163.    Sav-Rx denies the allegations in Paragraph 163.

164.    Sav-Rx denies the allegations in Paragraph 164.

165.    Sav-Rx states that the "A&A Services Frequently Asked Questions" website speaks for itself, and Sav-Rx denies the allegations in Paragraph 165 to the extent they are inconsistent with the plain language of that website.

166.    The allegations in Paragraph 166 set forth legal conclusions, to which no response is required. To the extent a further response to the allegations in Paragraph 166 is required, Sav-Rx denies the allegations.

167.    Sav-Rx denies the allegations in Paragraph 167.

168.    Sav-Rx denies the allegations in Paragraph 168.

169.    Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 169 and therefore denies the same.

170.    Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 170 and therefore denies the same.

171.    Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 171 and therefore denies the same.

172.    Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 172 and therefore denies the same.

173.    Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 173 and therefore denies the same.

174.    Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 174 and therefore denies the same.

175.    Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 175 and therefore denies the same.

176.    Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 176 and therefore denies the same.

177.    Sav-Rx denies the allegations in Paragraph 177.

178.    Sav-Rx denies the allegations in Paragraph 178.

179.    Sav-Rx denies the allegations in Paragraph 179.

180.    Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 180 and therefore denies the same.

181.    To the extent Paragraph 181 references recommendations or guidance allegedly issued by the United States Government, Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same. Sav-Rx denies the remaining allegations in Paragraph 181.

182.    Sav-Rx denies the allegations in Paragraph 182.

183.    Sav-Rx denies the allegations in Paragraph 183.

184.    Sav-Rx denies the allegations in Paragraph 184.

185.    Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 185 and therefore denies the same.

186.    Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 186 and therefore denies the same.

187.    Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 187 and therefore denies the same.

188.    Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 188 and therefore denies the same.

189.    Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 189 and therefore denies the same.

190.    Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 190 and therefore denies the same.

191.    Sav-Rx denies the allegations in Paragraph 191.

192.    The allegations in Paragraph 192 set forth legal conclusions, to which no response is required. To the extent that a further response to the allegations in Paragraph 192 is required, Sav-Rx denies the same.

193.    The allegations in Paragraph 193 set forth legal conclusions, to which no response is required. To the extent that a further response to the allegations in Paragraph 193 is required, Sav-Rx denies the same.

194.    Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 194 and therefore denies the same.

195.    Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 195 and therefore denies the same. Sav-Rx denies the allegations in the second sentence of Paragraph 195.

196.    Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 196 and therefore denies the same. Sav-Rx denies the allegations in the second sentence of Paragraph 196.

197.    Sav-Rx denies the allegations in Paragraph 197.

198.    Sav-Rx denies the allegations in Paragraph 198, including any assertion that it failed to comply with applicable industry standards or that any such failure caused the cybersecurity incident. To the extent Paragraph 198 references specific frameworks or standards, Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

199.    The allegations in Paragraph 199 are legal conclusions, to which no response is required. To the extent that a further response to the allegations in Paragraph 199 is required, Sav-Rx denies the same.

200.    The allegations in Paragraph 200 are legal conclusions, to which no response is required. To the extent that a further response to the allegations in Paragraph 200 is required, Sav-Rx denies the same.

201.    The allegations in Paragraph 201 are legal conclusions, to which no response is required. To the extent that a further response to the allegations in Paragraph 201 is required, Sav-Rx denies the same.

202.    The allegations in Paragraph 202 are legal conclusions, to which no response is required. To the extent that a further response to the allegations in Paragraph 202 is required, Sav-Rx denies the same.

203.    The allegations in Paragraph 203 are legal conclusions, to which no response is required. To the extent that a further response to the allegations in Paragraph 203 is required, Sav-Rx denies the same.

204.    The allegations in Paragraph 204 are legal conclusions, to which no response is required. To the extent that a further response to the allegations in Paragraph 204 is required, Sav-Rx denies the same.

205.    The allegations in Paragraph 205 are legal conclusions, to which no response is required. To the extent that a further response to the allegations in Paragraph 205 is required, Sav-Rx denies the same.

206.    The allegations in Paragraph 206 are legal conclusions, to which no response is required. To the extent that a further response to the allegations in Paragraph 206 is required, Sav-Rx denies the same.

207.    Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 207 and therefore denies the same.

208.    In response to Paragraph 208, Sav-Rx denies that Plaintiff Moser has already experienced her Unencrypted Private Information appearing for sale on the dark web. Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 208 and therefore denies the same.

209.    Sav-Rx denies the allegations in Paragraph 209.

210.    Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 210 and therefore denies the same.

211.    Sav-Rx denies the allegations in Paragraph 211.

212.    Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 212 and therefore denies the same.

213.    Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 213 and therefore denies the same.

214.    Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 214 and therefore denies the same.

215.    Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 215 and therefore denies the same.

216.    Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 216 and therefore denies the same.

217.    Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 217 and therefore denies the same.

218.    In response to Paragraph 218, Sav-Rx denies that Social Security numbers were compromised. Answering further, Sav-Rx states that it confirmed that any data acquired from its IT systems was destroyed and not further disseminated. Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 218 and therefore denies the same.

219.    In response to Paragraph 219, Sav-Rx denies that Social Security numbers were compromised. Answering further, Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 219 and therefore denies the same.

220.    In response to Paragraph 220, Sav-Rx denies that Social Security numbers were compromised. Answering further, Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 220 and therefore denies the same.

221.    In response to Paragraph 221, Sav-Rx denies that Social Security numbers were compromised. Answering further, Sav-Rx states that it confirmed that any data acquired from its IT systems was destroyed and not further disseminated. Sav-Rx lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in Paragraph 221 and therefore denies the same.

222.    In response to Paragraph 222, Sav-Rx denies that Social Security numbers were compromised. Answering further, Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 222 and therefore denies the same.

223.    In response to Paragraph 223, Sav-Rx denies that Social Security numbers were compromised. Answering further, Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 223 and therefore denies the same.

224.    In response to Paragraph 224, Sav-Rx denies that Social Security numbers were compromised. Answering further, Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 224 and therefore denies the same.

225.    In response to Paragraph 225, Sav-Rx denies that Social Security numbers were compromised. Answering further, Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 225 and therefore denies the same.

226.    In response to Paragraph 226, Sav-Rx denies that Social Security numbers were compromised. Answering further, Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 226 and therefore denies the same.

227.    In response to Paragraph 227, Sav-Rx denies that Social Security numbers were compromised. Answering further, Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 227 and therefore denies the same.

228.    In response to Paragraph 228, Sav-Rx denies that Social Security numbers were compromised. Answering further, Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 228 and therefore denies the same.

229.    In response to Paragraph 229, Sav-Rx denies that Social Security numbers were compromised. Answering further, Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 229 and therefore denies the same.

230.    In response to Paragraph 230, Sav-Rx denies that Social Security numbers were compromised. Answering further, Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 230 and therefore denies the same.

231.    In response to Paragraph 231, Sav-Rx denies that the Social Security number, dates of birth, and name of Plaintiff Moser were compromised. Answering further, Sav-Rx states that it confirmed that any data acquired from its IT systems was destroyed and not further disseminated. Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 231 and therefore denies the same.

232.    Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 232 and therefore denies the same.

233.    In response to Paragraph 233, Sav-Rx denies that Private Information was stolen from Sav-Rx. Answering further, Sav-Rx states that it confirmed that any data acquired from its IT systems was destroyed and not further disseminated. Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 233 and therefore denies the same.

234.    Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 234 and therefore denies the same.

235.    In response to Paragraph 235, Sav-Rx denies that Private Information was stolen from Sav-Rx. Answering further, Sav-Rx states that it confirmed that any data acquired from its IT systems was destroyed and not further disseminated. Sav-Rx lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in Paragraph 235 and therefore denies the same.

236.    In response to Paragraph 236, Sav-Rx denies that Private Information was stolen from Sav-Rx. Answering further, Sav-Rx states that it confirmed that any data acquired from its IT systems was destroyed and not further disseminated. Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 236 and therefore denies the same.

237.    In response to Paragraph 237, Sav-Rx denies that information was stolen from Sav-Rx. Answering further, Sav-Rx states that it confirmed that any data acquired from its IT systems was destroyed and not further disseminated. Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 237 and therefore denies the same.

238.    Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 238 and therefore denies the same.

239.    Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 239 and therefore denies the same.

240.    Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 240 and therefore denies the same.

241.    Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 241 and therefore denies the same.

242.    Sav-Rx denies the allegations in Paragraph 242.

243.    Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 243 and therefore denies the same.

244.    Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 244 and therefore denies the same.

245.    Sav-Rx denies the allegations in Paragraph 245.

246.    Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 246 and therefore denies the same.

247.    Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff Sean Schrieo and his claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 247.

248.    Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff Sean Schrieo and his claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 248.

249.    Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff Sean Schrieo and his claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 249.

250.    Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff Sean Schrieo and his claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 250.

251.    Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff Sean Schrieo and his claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 251.

252.    Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Plaintiff Sean Schrieo and his claims were dismissed. Therefore, there is no need for Sav-Rx to answer the allegations in Paragraph 252.

253.    Sav-Rx denies the allegations in Paragraph 253 as to Plaintiff Moser and the putative Class Members. Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), the claims of all other Plaintiffs have been dismissed and no response is required as to those individuals.

254.    Sav-Rx denies the allegations in Paragraph 254 as to Plaintiff Moser and the putative Class Members. Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), the claims of all other Plaintiffs have been dismissed and no response is required as to those individuals.

255.    Sav-Rx denies the allegations in Paragraph 255 as to Plaintiff Moser and the putative Class Members. Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), the claims of all other Plaintiffs have been dismissed and no response is required as to those individuals.

256.    Sav-Rx denies the allegations in Paragraph 256 as to Plaintiff Moser and the putative Class Members. Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), the claims of all other Plaintiffs have been dismissed and no response is required as to those individuals.

257.    Sav-Rx denies the allegations in Paragraph 257 as to Plaintiff Moser and the putative Class Members. Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), the claims of all other Plaintiffs have been dismissed and no response is required as to those individuals.

258.    Sav-Rx denies the allegations in Paragraph 258 as to Plaintiff Moser and the putative Class Members. Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part

Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), the claims of all other Plaintiffs have been dismissed and no response is required as to those individuals.

259.    Sav-Rx denies the allegations in Paragraph 259 as to Plaintiff Moser and the putative Class Members. Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), the claims of all other Plaintiffs have been dismissed and no response is required as to those individuals.

260.    Sav-Rx denies the allegations in Paragraph 260 as to Plaintiff Moser and the putative Class Members. Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), the claims of all other Plaintiffs have been dismissed and no response is required as to those individuals.

261.    Sav-Rx denies the allegations in the first sentence of Paragraph 261 as to Plaintiff Moser and the putative Class Members. The allegations in the second sentence of Paragraph 261 are legal conclusions, to which no response is required. To the extent a further response to the remaining allegations in Paragraph 261 is required, Sav-Rx denies the allegations. Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), the claims of all other Plaintiffs have been dismissed and no response is required as to those individuals.

262.    The allegations in the first sentence of Paragraph 262 are legal conclusions, to which no response is required. Sav-Rx denies the remaining allegations in Paragraph 262 as to Plaintiff Moser and the putative Class Members. Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), the claims of all other Plaintiffs have been dismissed and no response is required as to those individuals.

263.    Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 263 as to Plaintiff Moser and the putative Class Members and therefore denies the same. Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), the claims of all other Plaintiffs have been dismissed and no response is required as to those individuals.

264.    Sav-Rx denies the allegations in Paragraph 264 as to Plaintiff Moser and the putative Class Members. Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), the claims of all other Plaintiffs have been dismissed and no response is required as to those individuals.

265.    Sav-Rx denies the allegations in Paragraph 265 as to Plaintiff Moser and the putative Class Members. Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), the claims of all other Plaintiffs have been dismissed and no response is required as to those individuals.

266.    Sav-Rx denies the allegations in Paragraph 266 as to Plaintiff Moser and the putative Class Members. Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), the claims of all other Plaintiffs have been dismissed and no response is required as to those individuals.

267.    The allegations in Paragraph 267 contain legal conclusions to which no response is required. In addition, pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Sav-Rx is not required to respond to the allegations in this Paragraph regarding Plaintiffs, claims, theories, or facts that have been dismissed. To the extent that a response to the allegations in Paragraph 267 is required, Sav-Rx denies the allegations.

268.    The allegations in Paragraph 268 contain legal conclusions to which no response is required. In addition, pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Sav-Rx is not required to respond to the allegations in this Paragraph regarding Plaintiffs, claims, theories, or facts that have been dismissed. To the extent that a response to the allegations in Paragraph 268 is required, Sav-Rx denies the allegations.

269.    The allegations in Paragraph 269 contain legal conclusions to which no response is required. In addition, pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Sav-Rx is not required to respond to the allegations in this Paragraph regarding Plaintiffs, claims, theories, or facts that have been dismissed. To the extent that a response to the allegations in Paragraph 269 is required, Sav-Rx denies the allegations.

270.    The allegations in Paragraph 270 contain legal conclusions to which no response is required. In addition, pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Sav-Rx is not required to respond to the allegations in this Paragraph regarding Plaintiffs, claims, theories, or facts that have been dismissed. To the extent that a response to the allegations in Paragraph 270 is required, Sav-Rx denies the allegations.

271.    The allegations in Paragraph 271 contain legal conclusions to which no response is required. In addition, pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Sav-Rx is not required to respond to the allegations in this Paragraph regarding Plaintiffs, claims, theories, or facts that have been

dismissed. To the extent that a response to the allegations in Paragraph 271 is required, Sav-Rx denies the allegations.

272.    The allegations in Paragraph 272 contain legal conclusions to which no response is required. In addition, pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Sav-Rx is not required to respond to the allegations in this Paragraph regarding Plaintiffs, claims, theories, or facts that have been dismissed. To the extent that a response to the allegations in Paragraph 272 is required, Sav-Rx denies the allegations.

273.    The allegations in Paragraph 273 contain legal conclusions to which no response is required. In addition, pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Sav-Rx is not required to respond to the allegations in this Paragraph regarding Plaintiffs, claims, theories, or facts that have been dismissed. To the extent that a response to the allegations in Paragraph 273 is required, Sav-Rx denies the allegations.

274.    The allegations in Paragraph 274 contain legal conclusions to which no response is required. In addition, pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Sav-Rx is not required to respond to the allegations in this Paragraph regarding Plaintiffs, claims, theories, or facts that have been dismissed. To the extent that a response to the allegations in Paragraph 274 is required, Sav-Rx denies the allegations.

275.    The allegations in Paragraph 275 contain legal conclusions to which no response is required. In addition, pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Sav-Rx is not required to respond to the

allegations in this Paragraph regarding Plaintiffs, claims, theories, or facts that have been dismissed. To the extent that a response to the allegations in Paragraph 275 is required, Sav-Rx denies the allegations.

276.    The allegations in Paragraph 276 contain legal conclusions to which no response is required. In addition, pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Sav-Rx is not required to respond to the allegations in this Paragraph regarding Plaintiffs, claims, theories, or facts that have been dismissed. To the extent that a response to the allegations in Paragraph 276 is required, Sav-Rx denies the allegations.

277.    The allegations in Paragraph 277 contain legal conclusions to which no response is required. In addition, pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Sav-Rx is not required to respond to the allegations in this Paragraph regarding Plaintiffs, claims, theories, or facts that have been dismissed. To the extent that a response to the allegations in Paragraph 277 is required, Sav-Rx denies the allegations.

278.    The allegations in Paragraph 278 contain legal conclusions to which no response is required. In addition, pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Sav-Rx is not required to respond to the allegations in this Paragraph regarding Plaintiffs, claims, theories, or facts that have been dismissed. To the extent that a response to the allegations in Paragraph 278 is required, Sav-Rx denies the allegations.

279.    The allegations in Paragraph 279 contain legal conclusions to which no response is required. In addition, pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-

Rx's Motion to Dismiss the Complaint (ECF No. 77), Sav-Rx is not required to respond to the allegations in this Paragraph regarding Plaintiffs, claims, theories, or facts that have been dismissed. To the extent that a response to the allegations in Paragraph 279 is required, Sav-Rx denies the allegations.

280.    The allegations in Paragraph 280 contain legal conclusions to which no response is required. In addition, pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Sav-Rx is not required to respond to the allegations in this Paragraph regarding Plaintiffs, claims, theories, or facts that have been dismissed. To the extent that a response to the allegations in Paragraph 280 is required, Sav-Rx denies the allegations.

281.    The allegations in Paragraph 281 contain legal conclusions to which no response is required. In addition, pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Sav-Rx is not required to respond to the allegations in this Paragraph regarding Plaintiffs, claims, theories, or facts that have been dismissed. To the extent that a response to the allegations in Paragraph 281 is required, Sav-Rx denies the allegations.

282.    The allegations in Paragraph 282 contain legal conclusions to which no response is required. In addition, pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Sav-Rx is not required to respond to the allegations in this Paragraph regarding Plaintiffs, claims, theories, or facts that have been dismissed. To the extent that a response to the allegations in Paragraph 282 is required, Sav-Rx denies the allegations.

283.     Sav-Rx incorporates by reference each of its foregoing responses to Paragraphs 1 through 283 above as though fully set forth herein.

284.     The allegations in Paragraph 284 are legal conclusions, to which no response is required. To the extent a response to the allegations in Paragraph 284 is required, Sav-Rx denies the allegations.

285.     The allegations in Paragraph 285 are legal conclusions, to which no response is required. To the extent a response to the allegations in Paragraph 285 is required, Sav-Rx denies the allegations.

286.     The allegations in Paragraph 286 are legal conclusions, to which no response is required. To the extent a response to the allegations in Paragraph 286 is required, Sav-Rx denies the allegations.

287.     The allegations in Paragraph 287 are legal conclusions, to which no response is required. To the extent a response to the allegations in Paragraph 287 is required, Sav-Rx denies the allegations.

288.     The allegations in Paragraph 288 are legal conclusions, to which no response is required. To the extent a response to the allegations in Paragraph 288 is required, Sav-Rx denies the allegations.

289.     In response to Paragraph 289, Sav-Rx admits that, as part of its regular business practice, it receives certain information from health plan sponsors and other healthcare entities in order to provide pharmacy benefit management services. Sav-Rx denies that it solicits or collects such information directly from Plaintiff or putative Class Members.

290.     In response to Paragraph 290, Sav-Rx admits that, as part of its regular business practice, it receives certain information from health plan sponsors and other healthcare entities in

order to provide pharmacy benefit management services. Sav-Rx denies that it solicits or collects such information directly from Plaintiff or putative Class Members to provide them healthcare services.

291.    In response to Paragraph 291, Sav-Rx admits that, as part of its business model, it receives certain information from health plan sponsors and other healthcare entities in order to provide pharmacy benefit management services. Sav-Rx denies that it solicits or collects such information directly from Plaintiff or putative Class Members as a requirement to provide them with healthcare services.

292.    Sav-Rx denies the allegations in Paragraph 292.

293.    As to Plaintiff Moser and putative Class Members only, Sav-Rx admits the allegations in Paragraph 293. Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), Sav-Rx is not required to respond to the allegations in this Paragraph regarding Plaintiffs who have been dismissed.

294.    In response to Paragraph 294, Sav-Rx admits that Plaintiff and putative Class Members could not independently assess Sav-Rx's internal data-security systems. Sav-Rx denies the remaining allegations in Paragraph 294.

295.    Sav-Rx denies the allegations in Paragraph 295.

296.    Sav-Rx denies the allegations in Paragraph 296.

297.    The allegations in Paragraph 297 are legal conclusions, to which no response is required. To the extent a response to the allegations in Paragraph 297 is required, Sav-Rx denies the allegations.

298.    The allegations in Paragraph 298 are legal conclusions, to which no response is required. To the extent a response to the allegations in Paragraph 298 is required, Sav-Rx denies the allegations.

299.    In response to Paragraph 299, Sav-Rx admits that it has and currently understands the sensitivity of certain information it receives from health plan sponsors and other healthcare entities in order to provide pharmacy benefit management services. Sav-Rx denies the remaining allegations in Paragraph 299.

300.    The allegations in Paragraph 300 are legal conclusions, to which no response is required. To the extent a response to the allegations in Paragraph 300 is required, Sav-Rx denies the allegations.

301.    Sav-Rx denies the allegations in Paragraph 301.

302.    In response to Paragraph 302, Sav-Rx denies that it was on notice that its data security practices were inadequate, denies that its data security practices were inadequate, and denies that it knew or should have known that a data breach was highly likely. Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 302 and therefore denies the same.

303.    The allegations in Paragraph 303 are legal conclusions, to which no response is required. To the extent a response to the allegations in Paragraph 303 is required, Sav-Rx denies the allegations.

304.    Sav-Rx denies the allegations in Paragraph 304.

305.    Sav-Rx denies the allegations in Paragraph 305.

306.    Sav-Rx denies the allegations in Paragraph 306.

307.    Sav-Rx denies the allegations in Paragraph 307.

308.    The allegations in Paragraph 308 are legal conclusions, to which no response is required. To the extent a response to the allegations in Paragraph 308 is required, Sav-Rx denies the allegations.

309.    The allegations in Paragraph 309 are legal conclusions, to which no response is required. To the extent a response to the allegations in Paragraph 309 is required, Sav-Rx denies the allegations.

310.    Sav-Rx denies the allegations in Paragraph 310.

311.    The allegations in Paragraph 311 are legal conclusions, to which no response is required. To the extent a response to the allegations in Paragraph 311 is required, Sav-Rx denies the allegations.

312.    The allegations in Paragraph 312 are legal conclusions, to which no response is required. To the extent a response to the allegations in Paragraph 312 is required, Sav-Rx denies the allegations.

313.    The allegations in Paragraph 313 are legal conclusions, to which no response is required. To the extent a response to the allegations in Paragraph 313 is required, Sav-Rx denies the allegations.

314.    The allegations in Paragraph 314 are legal conclusions, to which no response is required. To the extent a response to the allegations in Paragraph 314 is required, Sav-Rx denies the allegations.

315.    In response to Paragraph 315, Sav-Rx admits that it continues to maintain certain information provided by health plan sponsors and other healthcare entities in order to perform pharmacy benefit management services. Sav-Rx lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 315 and therefore denies the same.

48

316.    The allegations in Paragraph 316 are legal conclusions, to which no response is required. To the extent a response to the allegations in Paragraph 316 is required, Sav-Rx denies the allegations.

**COUNT II**
**Negligence *Per Se***
**(On behalf of Plaintiffs and the Nationwide Class)**

Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), the Negligence Per Se claim has been dismissed and therefore there is no need for Sav-Rx to answer the allegations in Paragraphs 317 through 337 of the Complaint that relate to that claim. To the extent an answer is required, Sav-Rx denies the allegations in Paragraphs 317 through 337.

**COUNT III**
**Invasion of Privacy/Intrusion Upon Seclusion**
**(On behalf of Plaintiffs and the Nationwide Class)**

Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), the Invasion of Privacy/Intrusion Upon Seclusion claim has been dismissed and therefore there is no need for Sav-Rx to answer the allegations in Paragraphs 338 through 355 of the Complaint that relate to that claim. To the extent an answer is required, Sav-Rx denies the allegations in Paragraphs 338 through 355.

**COUNT IV**
**Breach of Implied Contract**
**(On behalf of Plaintiffs and the Nationwide Class)**

Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), the Breach of Implied Contract claim has been dismissed and therefore there is no need for Sav-Rx to answer the allegations in Paragraphs 356 through 376

of the Complaint that relate to that claim. To the extent an answer is required, Sav-Rx denies the allegations in Paragraphs 356 through 376.

## COUNT V
### Breach of Third-Party Beneficiary Contract
### (On Behalf of Plaintiffs and the Nationwide Class)

Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), the Breach of Third-Party Beneficiary Contract claim has been dismissed and therefore there is no need for Sav-Rx to answer the allegations in Paragraphs 377 through 385 of the Complaint that relate to that claim. To the extent an answer is required, Sav-Rx denies the allegations in Paragraphs 377 through 385.

## COUNT VI
### Unjust Enrichment
### (On Behalf of Plaintiffs and the Nationwide Class)

Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), the Unjust Enrichment claim has been dismissed and therefore there is no need for Sav-Rx to answer the allegations in Paragraphs 386 through 405 of the Complaint that relate to that claim. To the extent an answer is required, Sav-Rx denies the allegations in Paragraphs 386 through 405.

## COUNT VII
### Breach of Fiduciary Duty / Breach of Confidence
### (On behalf of Plaintiffs and the Nationwide Class)

Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), the Breach of Fiduciary Duty / Breach of Confidence claim has been dismissed and therefore there is no need for Sav-Rx to answer the allegations in Paragraphs 406 through 419 of the Complaint that relate to that claim. To the extent an answer is required, Sav-Rx denies the allegations in Paragraphs 406 through 419.

**COUNT VIII**
**Violation of the Nebraska Consumer Protection Act**
**Neb. Rev. Stat. § 59-1602**
**(On Behalf of Plaintiffs and the Nationwide Class)**

Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), the Violation of Nebraska Consumer Protection Act Neb. Rev. Stat. § 59-1602 claim has been dismissed and therefore there is no need for Sav-Rx to answer the allegations in Paragraphs 420 through 427 of the Complaint that relate to that claim. To the extent an answer is required, Sav-Rx denies the allegations in Paragraphs 420 through 427.

**COUNT IX**
**Violation of Washington Consumer Protection Act**
**RCW 19.86.010, *et seq.***
**(On behalf of Plaintiff Geerhart and the Washington Subclass)**

Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), the Violation of Washington Consumer Protection Act RCW 19.86.010, et seq. claim has been dismissed and therefore there is no need for Sav-Rx to answer the allegations in Paragraphs 428 through 443 of the Complaint that relate to that claim. To the extent an answer is required, Sav-Rx denies the allegations in Paragraphs 428 through 443.

**COUNT X**
**Violation of Washington Data Breach Disclosure Law**
**RCW 19.255.005, *et seq.***
**(On behalf of Plaintiff Geerhart and the Washington Subclass)**

Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), the Violation of Washington Data Breach Disclosure Law RCW 19.255.005, et seq. claim has been dismissed and therefore there is no need for Sav-Rx to answer the allegations in Paragraphs 444 through 449 of the Complaint that relate to that claim. To the extent an answer is required, Sav-Rx denies the allegations in Paragraphs 444 through 449.

## COUNT XI
### Violation of Washington Uniform Health Care Information Act (UHCIA)
### RCW 70.02.005, *et seq.*
### (On behalf of Plaintiff Geerhart and the Washington Subclass)

Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), the Violation of Washington Uniform Health Care Information Act RCW 70.02.005, et seq. claim has been dismissed and therefore there is no need for Sav-Rx to answer the allegations in Paragraphs 450 through 455 of the Complaint that relate to that claim. To the extent an answer is required, Sav-Rx denies the allegations in Paragraphs 450 through 455.

## COUNT XII
### Violation of Pennsylvania Unfair Trade Practices and Consumer Protection Law
### 73 P.S. §§ 201-1–201-9.3
### (On Behalf of Plaintiff Samantha Moser and the Pennsylvania Subclass)

Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), the Violation of Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 P.S. §§ 201-1-201-9.3 claim has been dismissed and therefore there is no need for Sav-Rx to answer the allegations in Paragraphs 456 through 466 of the Complaint that relate to that claim. To the extent an answer is required, Sav-Rx denies the allegations in Paragraphs 456 through 466.

## COUNT XIII
### Violation of Missouri Merchandising Practices Act
### Mo. Rev. Stat. § 407.010, *et seq.*
### (On Behalf of Plaintiff Tiffany Sutherlin and the Missouri Subclass)

Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), the Violation of Missouri Merchandising Practices Act Mo. Rev. Stat. § 407.010, et seq. claim has been dismissed and therefore there is no need for Sav-Rx to answer the allegations in Paragraphs 467 through 481 of the Complaint that relate to that

claim. To the extent an answer is required, Sav-Rx denies the allegations in Paragraphs 467 through 481.

**COUNT XIV**
**Violation of the California Consumer Privacy Act**
**Cal. Civ. Code § 1798.150**
**(On Behalf of Plaintiff Sean Schrieo and the California Data Breach Subclass)**

Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), the Violation of California Consumer Privacy Act Cal. Civ. Code § 1798.150 claim has been dismissed and therefore there is no need for Sav-Rx to answer the allegations in Paragraphs 482 through 489 of the Complaint that relate to that claim. To the extent an answer is required, Sav-Rx denies the allegations in Paragraphs 482 through 489.

**COUNT XV**
**Violation of the California Invasion of Privacy Act**
**Cal. Pen. Code § 630 et seq.**
**(On Behalf of Plaintiff Sean Schrieo and the California Tracking Technology Subclass)**

Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), the Violation of California Invasion of Privacy Act Cal. Pen. Code § 630 et seq. claim has been dismissed and therefore there is no need for Sav-Rx to answer the allegations in Paragraphs 490 through 505 of the Complaint that relate to that claim. To the extent an answer is required, Sav-Rx denies the allegations in Paragraphs 490 through 505.

**COUNT XVI**
**Violation of the California Confidentiality of Medical Information Act**
**Cal. Civil Code § 56**
**(On behalf of Plaintiff Sean Schrieo and the California Data Breach Subclass)**

Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), the Violation of California Confidentiality of Medical Information Act Cal. Civil Code § 56 claim has been dismissed and therefore there is no need for Sav-Rx to answer the allegations in Paragraphs 506 through 511 of the Complaint that relate to

53

that claim. To the extent an answer is required, Sav-Rx denies the allegations in Paragraphs 506 through 511.

## COUNT XVII
### Violation of the California Unfair Competition Law
### Cal. Bus. & Prof. Code §17200
### (On Behalf of Plaintiff Sean Schrieo and the California Data Breach Subclass)

Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), the Violation of California Unfair Competition Law Cal. Bus. & Prof. Code § 17200 claim has been dismissed and therefore there is no need for Sav-Rx to answer the allegations in Paragraphs 512 through 516 of the Complaint that relate to that claim. To the extent an answer is required, Sav-Rx denies the allegations in Paragraphs 512 through 516.

## COUNT XVIII
### Declaratory Judgment
### 28 U.S.C. § 2201
### (On behalf of Plaintiffs and the Nationwide Class)

Pursuant to the Court's Decision Granting-in-Part and Denying-in-Part Sav-Rx's Motion to Dismiss the Complaint (ECF No. 77), the Declaratory Judgment claim has been dismissed and therefore there is no need for Sav-Rx to answer the allegations in Paragraphs 517 through 523 of the Complaint that relate to that claim. To the extent an answer is required, Sav-Rx denies the allegations in Paragraphs 517 through 523.

## DENIAL OF ALLEGATIONS NOT ADMITTED

Sav-Rx denies each and every remaining allegation except those specifically admitted herein and those which constitute admissions against the interests of Plaintiff Moser, the sole remaining Plaintiff.

## ANSWER TO PRAYER FOR RELIEF

In response to the Prayer for Relief, Sav-Rx denies that Plaintiff is entitled to any relief in this matter. Accordingly, Sav-Rx asks that Plaintiff's claim be dismissed with prejudice, the Court

decline to grant Plaintiff any relief requested in the Prayer for Relief, and for Sav-Rx to recover its costs herein expended.

## ANSWER TO JURY DEMAND

No response from Sav-Rx is required or appropriate as to Plaintiff's demand for jury trial.

## AFFIRMATIVE DEFENSES

Without assuming any burden that it would not otherwise bear under applicable law and rules and specifically reserving its right to assert additional affirmative defenses as additional information or materials become available through discovery or otherwise, Sav-Rx hereby asserts the following affirmative defenses. Sav-Rx incorporates by reference its responses to the allegations set forth in the Complaint as recited above and those set forth below as if fully set forth herein.

## FIRST AFFIRMATIVE DEFENSE

1.    The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2.    Plaintiff's claim fails to the extent she lacks standing to assert her claims.

## THIRD AFFIRMATIVE DEFENSE

3.    Plaintiff's claim fails, in whole or in part, to the extent she has not suffered any actual injury or damage, or in the alternative, any damages that she may have suffered were caused by her own conduct.

## FOURTH AFFIRMATIVE DEFENSE

4.    The damages alleged in the Complaint were caused by the acts of others for whose conduct Sav-Rx was not responsible and for whose actions Sav-Rx cannot be found liable.

## FIFTH AFFIRMATIVE DEFENSE

5.    Plaintiff Moser's negligence claim is barred to the extent that Plaintiff Moser failed to mitigate some or all of her claimed damages and to the extent some or all of the actions by Moser in failing to mitigate her alleged damages were unreasonable.

## SIXTH AFFIRMATIVE DEFENSE

6.    Plaintiff Moser's negligence claim is barred to the extent that it is based on conduct that was caused by the intervening, supervening, or superseding acts of third-party criminals.

## SEVENTH AFFIRMATIVE DEFENSE

7.    Persons or entities other than Sav-Rx caused or contributed to the damages Plaintiff Moser claims to have suffered. Therefore, any award in Moser's favor must be reduced by an amount equal to the percentage of fault of such others in tortiously causing or contributing to the damages alleged in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

8.    Plaintiff Moser's negligence claim is barred because Sav-Rx does not owe a common law duty of care to Moser.

## NINTH AFFIRMATIVE DEFENSE

9.    Plaintiff Moser's negligence claim is barred by the economic loss doctrine.

## TENTH AFFIRMATIVE DEFENSE

10.    Some or all of the alleged damages claimed by Plaintiff Moser are not legally cognizable injuries.

## ELEVENTH AFFIRMATIVE DEFENSE

11.    Plaintiff Moser's claims may not be properly maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure.

## RESERVATION OF ADDITIONAL AFFIRMATIVE DEFENSES

12.    Sav-Rx reserves the right to assert additional affirmative defenses which may become known through the course of discovery.

WHEREFORE, having fully answered, Sav-Rx requests an Order dismissing Plaintiff's Complaint with prejudice, for Sav-Rx to recover its costs herein expended, and for such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Sav-Rx hereby demands a trial by jury on all issues so triable.

Dated: January 20, 2026

SAV-RX, Defendant

By:  /s/ Elizabeth A. Culhane
Michael F. Coyle, #18299
Elizabeth A. Culhane, #23632
Michael B. Duffy, #27529
**FRASER STRYKER PC LLO**
500 Energy Plaza
409 South 17th Street
Omaha, NE 68102
(402) 341-6000
mcoyle@fraserstryker.com
eculhane@fraserstryker.com
mduffy@fraserstryker.com

Daniel E. Conley
Nathan Oesch
**QUARLES & BRADY LLP**
411 East Wisconsin Avenue, Suite 2400
Milwaukee, WI 53202
Daniel.Conley@Quarles.com
Nathan.Oesch@Quarles.com

Matthew Splitek
**QUARLES & BRADY LLP**
33 East Main Street, Suite 900
Madison, WI  53703
Matthew.Splitek@Quarles.com

Mark W. Bina
Gabrielle E. Winslow
**QUARLES & BRADY LLP**
300 N. LaSalle Street, Suite 4000
Chicago, IL 60654
 (312) 715-5000
Mark.Bina@Quarles.com
Gabrielle.Winslow@Quarles.com

*Attorneys for Defendant A&A Services, LLC d/b/a Sav-Rx*

3511145v1